UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD M. FELDER,
RONALD W. ROUSSEAU, and
LISA G. BULLARD

Plaintiff(s),

-against-

JOHN WILEY & SONS, INC.

Defendant(s).

26-cv- 7221 (AS)

Civil Case Management Plan
and Scheduling Order

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining Paragraphs should not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The case [is ☑ / is not ☐] to be tried to a jury.

3. Joinder of additional parties must be accomplished by 12/3/26.

4. Amended pleadings may be filed without leave of Court until 12/3/26.

5. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

**Discovery reasonably necessary for class certification**

a. Documents. First request for production of documents, if any, must be served by 12/4/26. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 5(f) below.

b. Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by 12/4/26. No other interrogatories are permitted except upon prior express permission of the Court. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by 3/19/27. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by 4/16/27. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

d. Depositions. All depositions (including any expert depositions, see item 5(c) above) must be completed by 5/21/27. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

e. Request to Admit. Requests to Admit, if any, must be served by 4/16/27 [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 5(f) below].

f. All discovery is to be completed by 5/21/27. Interim deadlines for items 5(a-e) above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

6. **Class certification motions** ~~Post-discovery summary judgment motions~~ in the form prescribed by the Court's Individual Practices shall be served by 6/11/27, answering papers by 7/9/27, and reply papers by 7/23/27. Each party must file its respective papers on the same date that such papers are served.

7. **Discovery as to the putative class members and potential damages, and post-discovery summary judgment motions, shall be scheduled following class certification, by no later than [date to be inserted by the Court].**

8. A final pre-trial conference shall be held on [date to be inserted by the Court]. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Practices.

9. Jury selection (if applicable) and trial shall commence on [date to be inserted by the Court].

9. All motions and applications shall be governed by Judge Subramanian's Individual Practices. Counsel shall promptly familiarize themselves with all of the Court's Individual Practices, as well as with the Local Rules for the United States District Court for the Southern District of New York.

Defendants' proposed schedule is ADOPTED, with modifications reflected above. The Court construes information "reasonably necessary for class certification" broadly, and Wiley will not be able to make arguments at the class certification stage that turn on discovery it refused to provide. The initial pretrial conference scheduled for November 19, 2026 is CANCELED. The Clerk of Court is respectfully directed to close the motion at Dkt. 16.

SO ORDERED.

Dated: November 16, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge